UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH DIXON MIDYETTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case: 1:15-cv-00868   (G Deck) |
| v. | ) | Assigned To : Unassigned |
| | ) | Assign. Date : 6/9/2015 |
| UNITED STATES OF AMERICA, *et al.*, | ) | Description: Habeas Corpus/2254 |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on petitioner's *pro se* petition for writ of habeas corpus.   A

habeas action is subject to jurisdictional and statutory limitations.   *See Braden v. 30th Judicial Cir.*

*Ct. of Ky.*, 410 U.S. 484 (1973).   The proper respondent in a habeas corpus action is petitioner's

custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036,

1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)),

who in this case is the Warden of Maury Correctional Institution in North Carolina.   Because this

"district court may not entertain a habeas petition involving present physical custody unless the

respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d

1235, 1239 (D.C. Cir. 2004), ordinarily the Court would transfer this matter to the district in which

petitioner currently is incarcerated.   However, because the Court recently has ordered the transfer

of a substantially similar habeas petition to the United States District Court for the Eastern District

of North Carolina, *see Midyette v. United States of America*, No. 15-cv-0674 (UNA) (D.D.C. May

1, 2015), this matter will be dismissed as duplicative.

DATE: 5/29/15

_____
United States District Judge

3